UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE BAULT,

    Plaintiff,

v.                                    Case No: 2:13-cv-814-FtM-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Denise Bault, appeals the final decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I. Issues on Appeal

Plaintiff argues two issues on appeal: (1) whether the ALJ improperly discounted a treating source's opinion; and (2) whether the ALJ failed to complete an accurate function-by-function analysis in assessing Plaintiff's residual functional capacity ("RFC").

### II. Procedural History and Summary of the ALJ's Decision

On July 6, 2011, Plaintiff protectively filed an application for a period of disability and DIB, alleging she became disabled and unable to work on June 11,

2010, due to fibromyalgia and mood/affective disorder. Tr. 75-76, 151-57. On July 28, 2011, Plaintiff also filed an application for SSI, alleging the same disability onset date. Tr. 158-67. The Social Security Administration ("SSA") denied her claim initially on September 28, 2011 and upon reconsideration on December 12, 2011. Tr. 107-11, 114-23. Plaintiff then requested and received a hearing before an ALJ on June 21, 2012, during which she was represented by an attorney. Tr. 37-62. Plaintiff testified at the hearing.

On January 18, 2013, the ALJ issued a decision, finding Plaintiff not disabled and denying her claim. Tr. 19-29. The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2016. Tr. 21. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 11, 2010, the alleged onset date. *Id.* At step two, the ALJ determined that Plaintiff had the following severe impairments: fibromyalgia, vomiting, irritable bowel, TMJ, and headache. *Id.* at 21-25. The ALJ also found that Plaintiff's depressive disorder and mental impairments were non-severe. Tr. 23-24. At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[1] Tr. 25. Taking into account the effects from all of Plaintiff's impairments – both severe and

---

[1] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 405.1525(a).

non-severe – the ALJ then determined that Plaintiff had the RFC to perform the full range of light work, as defined in 20 C.F.R. § 404.1567(b) and 416.967(b).[2] Tr. 25. The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." Tr. 26. In making this finding, the ALJ considered Plaintiff's testimony that she can no longer work due to the effects of fibromyalgia, TMJ, sleep apnea and episodes of vomiting. Tr. 25. Taking into consideration his RFC determination and the physical and mental demands of Plaintiff's past relevant work, the ALJ found that Plaintiff could perform her past relevant work as a self-employed insurance agent, which is classified as light work under the Dictionary of Occupational Titles. Tr. 28.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on October 30, 2013. Tr. 1-6. Accordingly, the ALJ's January 18, 2013 decision is the final decision of the Commissioner. On November 20, 2013, Plaintiff timely filed her Complaint with this Court under 42

---

[2] The regulations define "light work" as follows:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

U.S.C. §§ 405(g), 1383(c)(3).  Doc. 1.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.  *See* 20 C.F.R. § 404.1520.  The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.  *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence.  *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560

(11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

IV.  Discussion

    A.  *Treating Physician*

On appeal, Plaintiff first argues that the ALJ failed to properly follow the treating physician rule when he considered the opinions of her treating physician, Dr. David Baldinger. Plaintiff asserts that substantial evidence supports a finding of disability due to Plaintiff's fibromyalgia and its symptoms, as evidenced by Dr. Baldinger's treatment records and the Fibromyalgia Residual Functional Questionnaire ("questionnaire"), completed by Dr. Baldinger on January 4, 2012. Tr. 684-90.

Dr. Baldinger indicated on the questionnaire that Plaintiff could work less than one hour in a day; stand and walk less than two hours in a day; sit for fifteen minutes a day; and occasionally lift up to ten pounds. Tr. 686. He stated that her prognosis was "poor" and that her pain interferes with her attention and concentration "constantly." Tr. 684-85. The ALJ discussed the questionnaire and assigned Dr. Baldinger's opinion little weight because it was inconsistent with other substantial evidence in the record. Tr. 28. Specifically, the ALJ found that the symptoms and pain described by Dr. Baldinger are not supported by the medical record and his treatment notes, and Dr. Baldinger appears to rely heavily on Plaintiff's subjective complaints. *Id.* Plaintiff asserts this was in error as Dr. Baldinger is the only physician that has treated Plaintiff for fibromyalgia and there are no other opinions in the file to contradict his findings concerning fibromyalgia and its symptoms.

When an impairment does not meet or equal a listed impairment at step 3, the ALJ will proceed to step 4 to assess and make a finding regarding the claimant's RFC based upon all of the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). In this case, the ALJ found Plaintiff "did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 25. The ALJ then proceeded to assess and make a finding regarding the claimant's RFC. The RFC is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a). As noted, the ALJ is required to assess a claimant's RFC based on all of the relevant

evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence, and medical source statements. *Id.* The determination of RFC is within the authority of the ALJ; and the claimant's age, education, and work experience is considered in determining the claimant's RFC and whether she can return to her past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite her impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

The ALJ is required to review all of the medical findings and other evidence that supports a medical source's statement that a claimant is disabled. Moreover, opinions on some issues, such as the claimant's RFC and whether the claimant is disabled or unable to work, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-5p. The ALJ, therefore, is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(d)(1). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion of whether the claimant meets a listed impairment, a claimant's RFC (20 C.F.R. §§ 404.1545, 404.1546) or the application of

vocational factors, because that ultimate determination is the sole province of the Commissioner. 20 C.F.R. § 404.1527(e).

Here, the ALJ properly considered and analyzed Plaintiff's alleged impairments related to her fibromyalgia in assessing her RFC. In doing so, the ALJ considered and assigned little weight to the opinion of Dr. Baldinger. Generally, when determining a plaintiff's RFC "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown." *Castle v. Colvin*, —— F. App'x ——–, 2014 WL 595284 (11th Cir. Feb. 18, 2014) (citing *Phillips*, 357 F.3d at 1240); 20 C.F.R. § 404.1527(c)(2); *Lewis*, 125 F.3d at 1440; *Sabo v. Comm'r of Soc. Sec.*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996). "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips*, 357 F.3d at 1240). Under the regulations, the ALJ must weigh any medical opinion based on the treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors. *See* 20 C.F.R. § 404.1527(c), (c)(2)(i)-(ii), (c)(3)-(6); *Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements); *Lewis*, 125 F.3d at 1440. Where a treating physician merely has made conclusory statements, the ALJ may afford them such

weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *Schnor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); Social Security Ruling ("SSR") 96-2p.

In this case, the Court finds that the ALJ properly considered Dr. Baldinger's findings in the questionnaire and assigned them little weight because there was no objective evidence to bolster his opinion. Contrary to Plaintiff's assertions, the majority of Plaintiff's medical records do not consist of records from Dr. Baldinger. Doc. 18 at 2. Rather, the Court has reviewed Dr. Baldinger's records, consisting of approximately 15 pages, and agrees with the ALJ's finding that there is no objective evidence to support Dr. Baldinger's findings in his medical records. Tr. 424-28, 463-72, 529-33. The ALJ found Dr. Baldinger's opinion inconsistent with other evidence in the record, including Dr. Baldinger's own records, which show that prior to completing the fibromyalgia questionnaire, Dr. Baldinger noted upon examination that Plaintiff exhibited no motor weakness, no joint inflammation or neurologic changes, but had some diffuse muscle tenderness. Tr. 425, 427, 531, 533, 464, 466, 469, 471. Dr. Baldinger also reported Plaintiff had no gross motor deficits. Tr. 473. Plaintiff denied constipation, confusion, gait instability, excessive drowsiness, nausea, vomiting, or joint swelling. Tr. 464, 532, 469, 471. In April 2012, Plaintiff further denied leg weakness and radicular pain. Tr. 530. Thus, Dr. Baldinger's opinion is inconsistent with even his own treatment records.

The objective medical findings of other doctors who treated Plaintiff also provide substantial evidence to support the ALJ's assessment of Plaintiff's RFC. In November 2010, Plaintiff exhibited normal mobility, no tenderness in her back, no pain on straight leg raise test, non-tender spinal examination, intact facial sensation, 5/5 muscle strength, normal muscle tone, symmetric muscle bulk, intact sensory examination, 2+ reflexes, normal gait, and normal finger to nose testing. Tr. 396-97. Plaintiff also denied weight loss, chest pain, joint pain, joint swelling, back pain, and muscle pain. Tr. 396. Further, as the ALJ thoroughly discussed in his credibility analysis, despite her limitations, Plaintiff continues to engage in significant activities of daily living and is self-reliant. Tr. 25-28. In assessing Plaintiff's credibility, the ALJ considered Plaintiff's complaints of muscle pain related to her fibromyalgia and noted that despite her report of pain to Dr. Baldinger, she has engaged in significant activities of daily living, such as travelling, exercising daily, preparing meals, taking care of pets, driving, shopping and cleaning. Tr. 27.

The ALJ supported his decision and showed good cause for assigning little weight to Dr. Baldinger's opinion in compliance with the applicable rules and regulations by citing to specific evidence in the record demonstrating that Dr. Baldinger's opinions were inconsistent with the record as a whole, were conclusory or inconsistent with the medical records, and made no reference to any clinical or laboratory diagnostic techniques to support the opinions. *See Winschel*, 631 F.3d at 1179. Consequently, the ALJ properly followed the treating physician rule and had

good cause to discount Dr. Baldinger's opinion and not give it controlling weight, which the Court finds is supported by substantial evidence.

Moreover, as the Government argues, Dr. Baldinger's questionnaire essentially concluded that Plaintiff was disabled. A statement that a claimant is disabled or unable to work is not a medical opinion and that statement is not entitled to controlling weight or any special significance. 20 C.F.R. § 404.1527(d).

### B. Function-by-Function Assessment

Plaintiff next argues that the ALJ did not perform a function-by-function assessment before finding that Plaintiff could perform light work. Tr. 25. In so arguing, Plaintiff asserts that the ALJ provides no analysis as to how he reached the conclusion that Plaintiff was capable of performing light work. Plaintiff states that no doctor indicates that Plaintiff retains an RFC to perform the full range of light work; and, although the ALJ found fibromyalgia to be a severe impairment, he failed to address how Plaintiff's chronic fatigue, pain, weakness, depression, and reduced range of motion impact Plaintiff's RFC and her ability to work. Doc. 14 at 22. Thus, Plaintiff argues, this matter should be remanded for proper consideration of Plaintiff's fibromyalgia and its related limitations. *Id.* at 23.

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess . . . her work-related abilities on a function by function basis. . . . Only after that may RFC be expressed in terms of exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184. Here, after the ALJ found that fibromyalgia was a severe impairment, the

ALJ properly considered the evidence regarding Plaintiff's fibromyalgia and its related limitations when assessing her RFC in accordance with SSR 96-8p and found that Plaintiff's condition was not as limiting as she alleged. In doing so, the ALJ evaluated and discussed Dr. Baldinger's questionnaire, the other medical records, Plaintiff's testimony, and opinion evidence, the latter of which he assigned little weight. Tr. 25-28. The ALJ stated that Plaintiff testified that she can no longer work due to the effects of fibromyalgia, TMJ, sleep apnea, and episodes of vomiting, and the ALJ then went on to discuss each impairment and whether her claims were supported by the record. Tr. 25. The ALJ specifically considered Plaintiff's complaints of myalgia related to her fibromyalgia and found that her complaints were not supported by the record. Tr. 27. Moreover, the determination of a claimant's RFC is reserved exclusively to the Commissioner and is not the province of Plaintiff's physicians to determine. 20 C.F.R. § 404.1527(d); SSR 96-5p.

## V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1.  The decision of the Commissioner is **AFFIRMED**.

2.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3.  The Clerk of Court is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of December, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record